UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LEE BELL, #134786,

        Petitioner,

                                    CASE NO. 2:07-CV-13272
v.                                     HONORABLE NANCY G. EDMUNDS

JEFF WHITE,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.      Introduction**

      Michigan prisoner Charles Lee Bell ("Petitioner") has filed a pro se petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his

constitutional rights.  Petitioner raises a sentencing departure claim in his petition.  Respondent has

filed an answer to the petition contending that it should be denied.  For the reasons stated, the Court

finds that Petitioner is not entitled to federal habeas relief and denies the petition.  The Court also

denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.     Facts and Procedural History**

      On August 22, 2002, pursuant to a plea bargain, Petitioner pleaded guilty to possession of

less than 25 grams of cocaine and admitted being a fourth habitual offender in the Saginaw County

Circuit Court.  On November 13, 2002, the trial court sentenced him to two years probation.  At the

time of sentencing, the trial court established several conditions of probation and informed Petitioner

1

that he could face prison time if he violated those conditions.

On February 20, 2003, Petitioner pleaded guilty to violating his probation by testing positive for cocaine. On April 3, 2003, the trial court imposed a 41-day jail sentence, but otherwise extended the probationary term with the same conditions. The court warned Petitioner that this was his "last chance" and that he could face prison time if he continued to violate the terms of his probation.

Petitioner was subsequently charged with further probation violations. The trial court conducted a probation hearing on October 23, 2003. At the conclusion of that hearing, the court found that Petitioner violated his probation by testing positive for drugs and revoked his probation. On December 11, 2003, the trial court sentenced Petitioner to 7 ½ to 15 years imprisonment. The court acknowledged that the original sentencing guidelines called for a minimum sentence of two months to 34 months imprisonment and a maximum sentence of 15 years imprisonment, but departed above that previously-recommended minimum sentence. The court noted Petitioner's history of probation failure, his positive tests for alcohol, marijuana and cocaine, his unemployment, his failure to make required payments, his additional pending criminal cases (driving while impaired and felonious assault), and his lengthy criminal record.

Following sentencing, Petitioner filed a motion to modify the sentence with the trial court, which was denied. Additional proceedings transpired in the state courts concerning Petitioner's appellate rights. Ultimately, in May of 2006, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same sentencing departure claim at issue here, which was denied for lack of merit. *People v. Bell*, No. 270285 (Mich. Ct. App. June 29, 2006) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Bell*, 477 Mich. 963, 724 N.W.2d 277 (2006).

Petitioner thereafter filed the present habeas petition, raising the following claim:

> He must be re-sentenced where the court articulated the failure to comply with probation as the reason for sentencing departure, and the facts resulting in the probation violation justify neither the departure nor the extent of the departure.

Respondent has filed an answer to the petition contending that it should be denied because the claim is not cognizable upon habeas review and/or lacks merit. Petitioner has filed a reply to that answer.

## III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535

U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Additionally, §2254(e)(1) requires that a federal habeas court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order. To the extent that the state courts did not specifically address whether the alleged error constitutes a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)). In any event, the Court finds that Petitioner is not entitled to federal habeas relief under either a deferential or *de novo* standard of review.

## IV. Analysis

Petitioner asserts that he is entitled to habeas relief because the trial court erred in departing upward from the state sentencing guideline range for his minimum sentence. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentence is within the statutory maximum. *See* Mich. Comp. Laws §§ 333.7403(2)(a)(v), 769.12. A sentence imposed within the statutory limit is generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's sentencing departure claim is not cognizable on federal habeas review because it is basically a state law claim. *See Austin v. Jackson*, 231 F.3d 298, 300-01 (6th Cir. 2000); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v.*

*Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (ruling that departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). "In short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *see also Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Any alleged error in departing above the minimum sentencing guideline range does not merit habeas relief. Petitioner's sentence is within the statutory maximum. Moreover, the state trial court found the upward departure to be justified under state law based upon Petitioner's history of probation failure, his continued drug use, his additional criminal charges, and his extensive criminal record. Both state appellate courts denied leave to appeal. Petitioner's sentence is thus not wholly unauthorized by law. State courts are the final arbiters of state law and federal courts will not intervene in such matters. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief is not warranted on this state law claim.

To the extent that Petitioner asserts that his sentence is disproportionate under state law, he also fails to state a claim for federal habeas relief. *See Austin*, 231 F.3d at 300 (citing *Pulley v. Harris*, 465 U.S. 27, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001).

Lastly, Petitioner is not entitled to habeas relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does

not require strict proportionality between a crime and its punishment. *See Harmelin*, 501 U.S. at 965; *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *Thomas*, 49 F.3d at 261. Petitioner was sentenced as a fourth habitual offender to 7 ½ to 15 years imprisonment on his drug conviction following a history of probation failure. That sentence is within the statutory maximum. The trial court acted within its discretion in imposing Petitioner's sentence, and there is no extreme disparity between his crime and sentence so as to offend the Eighth Amendment. Habeas relief is not warranted.

**V.      Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim contained in his petition and the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude

the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claim. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 10, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 10, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager